IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WENDELL ESTELLE, on behalf of Plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| PENNSYLVANIA STATE EMPLOYEES CREDIT UNION, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Wendell Estelle files this Complaint seeking actual, statutory, and punitive damages for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA") by Defendant Pennsylvania State Employees Credit Union ("PSECU").

2. The purpose of the FCRA is to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit in a manner which is fair and equitable, and with regard to the confidentiality, accuracy, and proper utilization of such information.

3. Plaintiff, Wendell Estelle, is a resident of Greenfield, Indiana.

4. Defendant, Pennsylvania State Employees Credit Union ("PSECU") is a state chartered credit union with its principal place of business at 1500 Elmerton Avenue, Harrisburg, PA 17110.  It has 480,000 members throughout the United States and manages over $7.5 billion in assets.  It does business in the State of Indiana.  Its website lists some 20 ATMs in the Indianapolis area where members can conduct business without paying a surcharge, as well as others in other areas of Indiana.

5. Defendant PSECU is a "person" as that term is defined under 15 U.S.C. § 1681a(b).

**JURISDICTION AND VENUE**

6. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1681p.

7. Venue is proper in this Court pursuant to 15 U.S.C. §1391(b). Defendant conducts business in this judicial district. Plaintiff resides in this judicial district. The acts and transactions alleged herein occurred in this judicial district.

8. Article III is satisfied because the unauthorized pulling of credit reports constitutes an invasion of privacy.

**FACTS**

9. Plaintiff is a consumer.

10. Plaintiff incurred a debt with PSECU that was primarily for personal, family or household purposes. He had an unsecured line of credit which he used for non-business purposes. (Exhibit A)

11. Defendant was reporting this debt to various credit reporting agencies.

12. Plaintiff filed a Chapter 7 bankruptcy before the line of credit was repaid. Case 23bk01698 (S.D.Ind.). (Exhibit B)

13. The PSECU line of credit was scheduled in Plaintiff's bankruptcy. (Exhibit C)

14. The Bankruptcy Noticing Center sends notice of the bankruptcy and automatic stay to those entities listed on Plaintiff's bankruptcy petition. Notice is sent electronically to entities that have agreed to receive notice in this manner, one of which is PSECU.

15. The Bankruptcy Noticing Center sent Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, to Defendant, electronically, on April 26, 2023. (Exhibit D)

16. Plaintiff received a discharge of all his debts, including the line of credit, on August 24, 2023. (Exhibit E)

17. The Bankruptcy Noticing Center sent the Discharge of Debtor to the Defendant, electronically, on August 24, 2023. (Exhibit F)

18. Despite the knowledge of Plaintiff's discharge of his debts, Defendant procured

Plaintiff's Experian credit report on April 25, 2024, or eight months after the discharge.  (<u>Exhibit G</u>).

19. Defendant had not applied for credit with Defendant.

20. Because Plaintiff had filed a bankruptcy on Defendant's debt, Defendant had no actual permissible purpose for procuring Plaintiff's credit report.  It had no collection purpose and no account review purpose because the account no longer existed. Plaintiff had not applied for new credit with Defendant.

21. Defendant had knowledge of Plaintiff's bankruptcy before pulling the report.

22. On information and belief, Defendant has engaged in pattern of obtaining credit reports of discharged borrowers.

23. Under the FCRA, 15 U.S.C. § 1681a et seq., a person is prohibited from obtaining a consumer report without a permissible purpose for doing so. The permissible purposes allowed by the FCRA are set forth in 15 U.S.C. § 1681b.

24. Under 15 U.S.C. § 1681b(f), a person is prohibited from obtaining a credit report on a consumer unless the person not only has a permissible purpose for procuring the report but certifies that purpose to the consumer reporting agency.

25. Defendant's use of Plaintiff' s credit report violates 15 U.S.C. § 1681b(f).

26. Defendant had no permissible purpose in obtaining the credit reports of Plaintiff as Plaintiff had recently completed a Chapter 7 bankruptcy case that discharged the debt owed to Defendant.

27. Consistent with its pattern and practice, Defendant wrongfully obtained the credit report of Plaintiff after Plaintiff's bankruptcy was discharged.

28. Defendant had no permissible purpose under 15 U.S.C. § 1681b for obtaining the credit report of Plaintiff.

29. The entities from which the Defendant obtains credit reports of non-applicants are "consumer reporting agencies" within the meaning of the FCRA.

30. Defendant's conduct effected an invasion of Plaintiff's privacy in his credit information.

## CLASS ALLEGATIONS

31. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Plaintiff brings this action on behalf of a class.

32. The class consists of (a) all individuals (b) whose credit reports Defendant pulled (c) after receiving notice that the individual's debt to Defendant had been discharged in a Chapter 7 bankruptcy, (d) on or after a date two years prior to the filing of this action.

33. On information and belief, this has occurred more than 40 times, and the class members are so numerous that joinder of all members is impracticable.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether Defendant had a permissible purpose for pulling the class members' credit reports;

    b. Whether Defendant had reasonable procedures in place to ensure that it only obtained credit reports when it had a permissible purpose for obtaining those reports;

    c. Whether Defendant violated the FCRA by obtaining the class members' credit reports after their debts had been discharged;

    d. Whether Defendant's conduct was willful; and

    e. The appropriate relief.

35. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

36. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FCRA litigation.

37. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible.

   b. Members of the class are likely to be unaware of their rights;

## COUNT I – FCRA

38. Plaintiff incorporates paragraphs 1 through 37.

39. In connection with its practice of obtaining credit reports of discharged consumers, Defendant acted willfully, knowingly, and in conscious disregard for the rights of Plaintiff under the FCRA in obtaining Plaintiff's credit report.

40. As a result of Defendant's willful practice of violating the FCRA, Defendant is liable under 15 U.S.C. § 1681n.

41. Section 1681n provides:

> **§1681n. Civil liability for willful noncompliance**
>
> **(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**
>
> **(1)**
>
> > **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>
> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class and against Defendant for:

   a. Statutory damages;

   b. Actual damages;

   c. Punitive damages;

   d. Attorney's fees, litigation expenses and costs of suit;

e. Such other or further relief as is appropriate.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (IL ARDC 0712094)
Tara L. Goodwin (IL ARDC 62970473)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

/s/ *Daniel A. Edelman*
Daniel A. Edelman

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/ Daniel A. Edelman*
Daniel A. Edelman